# IN THE COURT OF APPEALS OF IOWA

No. 13-1788
Filed February 19, 2014

**IN THE INTEREST OF T.R.,**
    **Minor Child,**

**A.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

A.R. appeals the juvenile court ruling modifying a permanency order and transferring custody of her child, T.R., to the Department of Human Services. **AFFIRMED.**

Dani L. Eisentrager of Eisentrager Law Office, Eagle Grove, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Cori Kuhn-Coleman, County Attorney, and Jordan Brackey, Assistant County Attorney, for appellee.

Justine Deppe of Deppe Law Office, Jewell, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

A.R. appeals the juvenile court ruling modifying a permanency order and transferring custody of her child, T.R., to the Department of Human Services. A.R. claims services have not been offered to correct the situation leading to T.R.'s removal from her home, and modification is not in the child's best interests. Because of the multiple out of home placements of the child in the last year, prior accomplishments of the child while in structured settings, and the child's violent tendencies, we find modification and transfer of custody to the Department of Human Services is in the child's best interests.

## I.    Background Facts and Proceedings

On October 19, 2007, T.R. was adjudicated a child in need of assistance. The child has been removed from the home several times and on at least six different occasions during the last year. The child, at the time of the hearing, was in secure detention pending a delinquency adjudication. The delinquency petition is the result of an alleged unprovoked brutal assault. The child has admitted to substance abuse, but the mother has failed to take any steps to address this problem.

A.R., the child's mother, has struggled to properly supervise and care for the child. During one period of time, the child was residing at least part of the time with A.R.'s sister. This is concerning because A.R.'s sister is married to and lives with a registered sex offender.

Much of the testimony presented during the hearing focused on A.R.'s poor relationship with her Department of Human Services (DHS) caseworker.

A.R. claims she has no relationship with the caseworker and has been provided no meaningful services. The caseworker testified services have been offered and A.R. refuses to communicate with DHS and participate in services. For her part, A.R. has been involved with Behavioral Health Intervention Services (BHIS) hoping this would correct the issues in the home. However the child has not benefited from this program.

The juvenile court found modification to be in the best interests of the child because of the increasingly violent, aggressive, and disrespectful behavior recently exhibited. The court further found termination of the mother's parental rights was not in the child's best interests because of the child's age and likely objection to termination of the mother's parental rights. Finally, the juvenile court found DHS had made reasonable efforts to reunify the family based upon written reports and the case permanency plan.

## II. Standard of Review

We review permanency hearings de novo. *In re N.M.*, 528 N.W.2d 94, 96 (Iowa 1995). We give weight to the juvenile court's findings of fact, but we are not bound by them. *Id.* "There is a rebuttable presumption that the child's best interests are served by parental custody." *Id.*

## III. Discussion

Permanency decisions are made pursuant to Iowa Code section 232.104 (2013). The district court modified the earlier permanency decision according to section 232.104(2)(d)(3), which allows for transfer of the child to a suitable person for long-term care so long as termination of the parent's rights is not in

the best interest of the child, services were offered to address the reasons for removal, and the child cannot return home. Iowa Code § 231.104(2)(d)(3); (3). Our overriding concern is the best interests of the child. *Id.* § 232.104(7).

The evidence in this case shows T.R. is a troubled child. There is evidence the child has benefited from prior removals only to regress when returned home. A.R., a single parent, admits she has struggled to balance her work and parental duties. The child has engaged in increasingly aggressive, violent, and disrespectful behavior, has struggled at school, and is now abusing substances. The child's actions, substance abuse, success in structure placements, and the child's own statement, strongly support the ruling of the trial court.

We, like the juvenile court, are concerned with the relationship between A.R. and her DHS caseworker. Whether the breakdown in that relationship is because A.R. refuses to cooperate with DHS or because the caseworker refuses to offer A.R. the assistance she needs, the record is clear T.R. has not benefitted.

We find the best interests of T.R. are served by transferring custody to DHS as previously ordered.

**AFFIRMED.**